UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY A. JONES,

    Plaintiff,

    v.     CAUSE NO.: 3:24-CV-231-TLS-JEM

NANCY MARTHAKIS,

    Defendant.

**OPINION AND ORDER**

    Gregory A. Jones, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF No. 10. As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jones is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    Mr. Jones is an inmate at Indiana State Prison. He claims to have received inadequate medical care from Dr. Nancy Marthakis, a prison doctor, for a skin condition. In March 2023, he was diagnosed by Dr. Marthakis as having plaque psoriasis. She enrolled him in the "chronic care program," meaning he would be seen regularly by medical staff at the prison for this

condition. She also prescribed him a medication called methotrexate sodium,[1] but he claims the medication did not improve his condition. He saw her several times between April 2023 and October 2023 and complained that the medication was not working. He claims the psoriasis was visible on his skin at these visits and that it was clearly getting worse. He claims Dr. Marthakis would listen to his complaints but never changed the course of treatment.

After he continued to file grievances and complain in person to Dr. Marthakis about the lack of improvement, she ordered laboratory testing. He claims this testing revealed that he had liver damage, which he attributes to the methotrexate sodium. He further claims that during this period the psoriasis spread to over 90 percent of his body, causing him significant pain and discomfort. Based on these events, he sues Dr. Marthakis for money damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *See Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (cleaned up)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Because there is no one right way to practice medicine in the prison setting, courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (cleaned up). At the same time, a

---

[1] Methotrexate is used to treat "malignant (e.g., breast cancer, non-Hodgkin lymphoma, ALL) and nonmalignant diseases (e.g., rheumatoid arthritis, juvenile idiopathic arthritis, psoriasis)." See PHYSICIAN'S DESK REFERENCE, *Methotrexate*. https://www.pdr.net/drug-information/?druglabelid=1797 (last visited June 11, 2024).

2

prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Substantial delay in responding to an inmate's serious medical condition can reflect deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (cleaned up). Additionally, persisting with a course of treatment known to be ineffective can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Jones the inferences to which he is entitled at this stage, he has alleged a plausible deliberate indifference claim against Dr. Marthakis. He claims that she was aware the medication she prescribed for his painful skin condition was not working, yet she did not alter the course of treatment, causing the condition to worsen. He further claims that the medication she prescribed caused him liver problems. He will be permitted to proceed further against Dr. Marthakis on a claim for damages in her individual capacity.[2]

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Dr. Nancy Marthakis in her individual capacity for money damages for denying him adequate medical care for a painful skin condition and prescribing him a medication that caused liver damage in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

---

[2] He purports to sue Dr. Marthakis for damages in her official capacity too, but such a claim is barred by the Eleventh Amendment. *See Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018) ("[A] state official (in his official capacity) *is* the state."); *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (observing that states and state agencies "are immune from suit under the Eleventh Amendment").

(3) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Centurion Health and to send her a copy of this order and the amended complaint [ECF No. 10] pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Dr. Nancy Marthakis to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 11, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT